■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN CUMBERBATCH, Appellant. [606 NYS2d 195] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered January 21, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to a term of 6 to 12 years, unanimously affirmed.

Ineffective assistance of counsel is not established because an attorney, following his client's instructions, failed to exercise any peremptory challenges. Since a defendant is entitled to participate in his own defense (see, People v Cabassa, 79 NY2d 722, cert denied sub nom. Lind v New York, — US —, 113 S Ct 633), and even direct his attorney not to take any action whatever with regard to the defense (People v Smith, 68 NY2d 737, cert denied 479 US 953), a defendant is not deprived of competent legal representation because of his counsel's compliance with his own directions.

The loss of a defendant's right to be present at all proceedings of a case as a result of his repeated disruptive behavior is a forfeiture rather than a waiver (see, People v Corley, 67 NY2d 105, 109-110). Thus, defendant's state of mind at the time of his removal from the courtroom was irrelevant, and the court was entitled to eject him solely on the basis of his admittedly repeated defiance of judicial mandates and regardless of whether he may have believed that the proceedings would be transmitted by radio into the pens.

While counsel did request a mistrial at the conclusion of the summation, the entirety of the summation clearly does not require reversal. Most of the disputed comments by the prosecutor were in response to the defense summation, and, in view of the overwhelming evidence of defendant's guilt, any statements by the Assistant District Attorney that may have been inappropriate, were harmless. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.