■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BETSCH, Appellant. [730 NYS2d 645] —Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant was convicted after a jury trial of robbery in the first degree (Penal Law § 160.15 [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and menacing in the second degree (Penal Law § 120.14 [1]). Prior to sentencing, defendant made a *pro se* motion pursuant to CPL article 330 seeking to set aside the verdict on the grounds of newly discovered evidence, ineffective assistance of counsel, and prosecutorial misconduct. We agree with the present contention of defendant that he was denied effective assistance of counsel at sentencing "when defense counsel took a position adverse to that of defendant" during argument of defendant's *pro se* motion (*People v Burton,* 251 AD2d 1020). Although defense counsel had no duty to support the motion, he could not take a position that was adverse to that of his client (*cf., People v Viscomi*, 286 AD2d 886 [decided herewith]; *People v Jones*, 261 AD2d 920, *lv denied* 93 NY2d 972). County Court should have assigned different counsel to represent defendant before determining the motion (*see, People v Burton, supra*). We therefore hold the case, reserve decision and remit the matter to Erie County Court for the assignment of counsel and a de novo determination of the CPL article 330 motion. (Appeal from Judgment of Erie County Court, Rogowski, J.—Robbery, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.