■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN LEWIS, Appellant. [731 NYS2d 305] —Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [4]) in connection with the robbery of the owner and patrons of a Chinese restaurant in Rochester. He contends, *inter alia,* that defense counsel acted as a witness against him and that County Court therefore erred in denying his *pro se* motion to withdraw his plea of guilty without first assigning new counsel. We note at the outset that we agree with defendant that his waiver of the right to appeal was not voluntarily and intelligently entered and thus cannot be enforced. The prosecutor stated at the plea proceeding that, pursuant to the terms of the plea offer, defendant was required to waive his right to appeal, and defense counsel stated that defendant accepted the terms of the plea offer. However, because neither the court nor defendant himself addressed the waiver in any way during the plea proceeding, we conclude that the plea allocution of defendant fails to "demonstrate[ ] a voluntary and intelligent waiver of [his] right to appeal" (*People v Allen,* 82 NY2d 761, 763; *cf., People v Schinelie,* 277 AD2d 970, 971). We therefore address the merits of defendant's contention on appeal.

Prior to sentencing, defendant made a *pro se* oral motion to withdraw his plea, apparently on the basis of ineffective assistance of counsel. Defense counsel indicated to the court that he believed that he had done an "appropriate job" on defendant's

behalf. He explained to the court that it was "fairly clear" that defendant was involved in the robbery because he was shot at the scene by police and there was a videotape depicting defendant's involvement. Defense counsel requested that the court impose the sentence as promised. Although defense counsel had no duty to support the *pro se* motion of defendant to withdraw his plea of guilty (*see, People v Klumpp,* 269 AD2d 798, 799, *lv denied* 94 NY2d 922), defense counsel "became a witness against [his client]" by taking a position adverse to him, thereby depriving defendant of effective assistance of counsel (*People v Santana,* 156 AD2d 736, 737). Thus, the court "should not have determined the motion to withdraw the plea without first assigning a different attorney to represent defendant" (*People v Burton,* 251 AD2d 1020; *see, People v Chrysler,* 233 AD2d 928; *People v Kellar,* 213 AD2d 1063). We therefore hold the case, reserve decision and remit the matter to Monroe County Court for the assignment of counsel and a de novo determination of the motion to withdraw the guilty plea (*see, People v Betsch,* 286 AD2d 887 [decided herewith]). (Appeal from Judgment of Monroe County Court, Connell, J.—Robbery, 1st Degree.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.