■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORWIN COLEMAN, Appellant. [741 NYS2d 463] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered May 25, 1999, convicting defendant following a nonjury trial of, inter alia, menacing in the second degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant was convicted after a bench trial of assault in the second degree (Penal Law § 120.05 [2]), criminal trespass in the second degree (§ 140.15), unlawful imprisonment in the first degree (§ 135.10), menacing in the second degree (§ 120.14 [1]) and harassment in the second degree (§ 240.26 [1]). Before trial, defense counsel moved to withdraw as counsel, stating that defendant had lost confidence in counsel's ability. Defense counsel further stated that he believed that he had represented defendant "to the best of [his] ability as much as anyone could in Western New York." When questioned by County Court, however, defendant stated that he did not "really have a problem with [defense counsel]." The court denied the motion. We reject the present contention of defendant that he was denied effective assistance of counsel based on defense counsel's motion to withdraw. Although it is well settled that defense counsel may not become a witness against a client by taking a position adverse to that of the client (*see People v Betsch*, 286 AD2d 887; *People v Lewis*, 286 AD2d 934, 935; *People v Burton*, 251 AD2d 1020), "[t]he record clearly establishes that the court's rejection of [the] motion was not influenced by counsel's [statement]" (*People v Nawabi*, 265 AD2d 156, 156, *lv denied* 94 NY2d 865; *cf. People v Biller*, 270 AD2d 883; *People v Cooper*, 258 AD2d 891, *lv denied* 93 NY2d 968).

We agree with defendant, however, that he was denied effective assistance of counsel with respect to his pro se motion to set aside the verdict pursuant to CPL article 330 at the time of sentencing. In support of the motion, defendant contended that the verdict was not supported by sufficient evidence and was inconsistent and against the weight of the evidence, and he

further contended that he was denied effective assistance of counsel. At oral argument of the motion, defense counsel stated that he did not think that he should address the issues raised in defendant's pro se motion but stated, "I think I did everything that an attorney should do under all of the circumstances here." That statement was in direct conflict with defendant's contention that defense counsel had been ineffective. Thus, " 'defense counsel took a position adverse to that of defendant' during argument of defendant's pro se motion" (*Betsch*, 286 AD2d 887, 887, quoting *Burton*, 251 AD2d 1020, 1020; *see Lewis*, 286 AD2d at 935; *People v Chrysler*, 233 AD2d 928). There is no indication in the record that the court was not influenced by defense counsel's statement in denying the motion, and the court "should have assigned different counsel to represent defendant before determining the motion" (*Betsch*, 286 AD2d 887, 887; *see Lewis*, 286 AD2d at 935; *Burton*, 251 AD2d 1020). We therefore hold the case, reserve decision and remit the matter to Erie County Court for a de novo determination of the CPL article 330 motion. Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.