THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORWIN COLEMAN, Appellant. [758 NYS2d 878] —An appeal hav-ing been taken from a judgment of Erie County Court (D'Amico, J.), entered May 25, 1999, and this Court on May 3, 2002, hav-ing entered an order holding the case, reserving decision, and remitting the matter to Erie County Court for further proceed-ings in accordance with the memorandum (294 AD2d 843 [2002]) and said proceedings have been had and terminated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously held this case, reserved deci-sion and remitted the matter to Erie County Court for a de novo determination of defendant's pro se CPL article 330 mo-tion on the ground that defendant was denied effective assis-tance of counsel when his attorney took a position adverse to that of defendant during argument of that motion (*People v Coleman*, 294 AD2d 843 [2002]). Upon remittal, the court as-signed new counsel and, following oral argument, denied the motion.

Contrary to the contention of defendant, he was not denied effective assistance of counsel. Based on the evidence, the law

and the circumstances of this case, viewed in totality and as of the time of the representation, both at trial and at argument of the de novo CPL article 330 motion, we conclude that defendant received meaningful representation (*see People v Hobot*, 84 NY2d 1021, 1022 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to establish that the motions that allegedly should have been made or should have been argued more effectively "would have been successful" (*People v Ayala*, 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]; *see People v Hernandez*, 248 AD2d 149 [1998], *lv denied* 91 NY2d 1008 [1998]). Thus, defendant did not meet his "well-settled, high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*Hobot*, 84 NY2d at 1022).

We reject the contention of defendant that the court erred in denying his CPL 30.30 motion without conducting a hearing. By failing to set forth any time periods of postreadiness delay, defendant failed to meet his burden of demonstrating that " 'any postreadiness adjournments occurred under circumstances that should be charged to the People' " (*People v Daniels*, 217 AD2d 448, 452 [1995], *appeal dismissed* 88 NY2d 917 [1996], quoting *People v Cortes*, 80 NY2d 201, 215 [1992]; *see People v Giguere*, 261 AD2d 941, 942 [1999], *lv denied* 93 NY2d 1018 [1999]). Thus, the motion papers were patently insufficient to warrant a hearing (*see* CPL 210.45 [5] [b]).

Defendant failed to preserve for our review his further contention that the evidence of physical injury is legally insufficient to support the conviction of assault in the second degree (Penal Law § 120.05 [2]; *see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit. The People presented testimony at trial that the cut to the victim's ear was "severe" and "terrible"; that part of the victim's ear was "hanging off"; and that the injury hurt "for a long time." Thus, "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [trier of fact] on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Broadwater*, 259 AD2d 1053 [1999], *lv denied* 93 NY2d 967 [1999]; *People v Del Valle*, 234 AD2d 634, 635 [1996], *lv denied* 89 NY2d 1010 [1997]; *cf. People v Smith*, 176 AD2d 904, 905 [1991]). The verdict in this nonjury trial is based largely on credibility determinations by the court that are entitled to great deference (*see People v Robinson*, 272 AD2d 943 [2000], *lv denied* 95 NY2d 870 [2000]), and the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Hayes, JJ.