■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SHEGOG, Appellant. [822 NYS2d 222]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered November 6, 1987. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel failed to raise an issue on direct appeal that may have merit, "specifically, that trial counsel took an adverse position to defendant's pro se CPL 330.30 motion" (*People v Shegog*, 23 AD3d 1158, 1158 [2005]). Defendant now appeals, de novo, from a judgment convicting him upon a jury verdict of one count each of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), and assault in the first degree (§ 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03).

Insofar as defendant contends that he was denied effective assistance of counsel at trial based on defense counsel's alleged failure to investigate defendant's case in the manner preferred by defendant and by failing to use the court-appointed investigator, that contention is not properly before us because it involves matters dehors the record (*see People v Lawrence*, 27 AD3d 1120, 1121 [2006], *lv denied* 6 NY3d 850 [2006]). We note in any event that the record indicates that defendant's case was investigated both by the court-appointed investigator and by an investigator associated with defense counsel's office. With respect to defendant's remaining complaints concerning defense counsel's representation at trial, we conclude that defendant received effective assistance of counsel at trial (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Trait*, 139 AD2d 937, 938 [1988], *lv denied* 72 NY2d 867 [1988]).

With respect to the alleged ineffective assistance of counsel

provided at defendant's CPL 330.30 hearing, we note that statements made by defense counsel indicating that defendant received effective assistance of counsel were adverse to the contention of defendant that he was denied effective assistance (*see People v Coleman*, 294 AD2d 843, 844 [2002]; *see generally People v Betsch*, 286 AD2d 887 [2001]). Here, however, the record establishes that, in denying defendant's CPL 330.30 motion, County Court was not influenced by defense counsel's statements (*see Coleman*, 294 AD2d at 843).

The further contention of defendant that the court erred in failing to explain the risks of self-representation to him lacks merit. Although defendant drafted and submitted his own CPL 330.30 motion, the record establishes that defense counsel continued to represent defendant at the hearing and that he never sought to proceed pro se or represented himself in court (*see generally People v Cabassa*, 79 NY2d 722, 730-731 [1992]; *People v Spiers*, 300 AD2d 1033, 1034 [2002], *lv denied* 99 NY2d 620 [2003]).

Finally, we reject defendant's contention that there was a *Batson* violation based on the prosecutor's peremptory challenges with respect to three black prospective jurors. The prosecutor gave race-neutral reasons for the challenges and defendant failed to establish that the reasons were pretextual (*see generally People v Payne*, 88 NY2d 172, 181 [1996]; *People v Childress*, 81 NY2d 263, 266-267 [1993]). Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.