■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GRUTTADAURIA, Appellant. [836 NYS2d 272]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered April 6, 2004, convicting him of burglary in the second degree (three counts), attempted burglary in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of

the defendant's omnibus motion which were to suppress statements made to law enforcement officials and identification testimony.

Ordered that the matter is remitted to the County Court, Suffolk County, for a new determination of the defendant's motion to set aside the verdict pursuant to CPL 330.30, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The County Court, Suffolk County, shall file the new determination with all convenient speed.

Prior to sentencing, the defendant moved pro se to set aside the verdict pursuant to CPL 330.30, alleging, inter alia, ineffective assistance of counsel. The defense counsel submitted an affirmation in opposition to the motion, which was received and considered by the County Court in denying the motion. In the affirmation, defense counsel explained his performance on the record with references to matter dehors the record. The County Court, in denying the motion, referred to both the record and the defense counsel's explanations based upon material dehors the record (*cf. People v Lattimore*, 5 AD3d 399, 400 [2004]).

The defense counsel, by taking a position adverse to his client, deprived the defendant of effective assistance of counsel with respect to the motion to set aside the verdict pursuant to CPL 330.30 (*see People v Coleman*, 294 AD2d 843 [2002]). Accordingly, the matter must be remitted to the County Court, Suffolk County, for a de novo determination of the motion, upon which the defendant shall be represented by the counsel representing him on this appeal.

At this time, we express no opinion as to the substantive merit of the defendant's motion or whether the defendant's motion requires an evidentiary hearing (*see People v Coleman*, 305 AD2d 1031 [2003]). Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.