■ The People of the State of New York, Respondent, v Andre Rogers, Appellant. [842 NYS2d 584]—

Application by the defendant for a writ of error coram nobis to vacate a decision and order of this Court dated June 6, 2005 (*People v Rogers,* 19 AD3d 437 [2005]), affirming a judgment of the Supreme Court, Queens County, rendered February 6, 2003. By decision and order of this Court dated October 10, 2006, the defendant was granted leave to serve and file a brief on the issues of whether trial counsel became a witness against the defendant when the defendant submitted his pro se motion pursuant to CPL 330.30, and whether the trial court should have assigned the defendant a new attorney in connection with his CPL 330.30 motion, and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs.

Ordered that the application is denied.

Contrary to the defendant's contentions, he was not denied the effective assistance of appellate counsel based on, inter alia, the failure of his appellate counsel to raise certain issues on appeal, namely, whether the defendant's trial counsel became a witness against the defendant when he submitted his pro se motion pursuant to CPL 330.30, and whether the trial court should have assigned the defendant a new attorney in connection with his CPL 330.30 motion. The statements made by the defendant's trial counsel in connection with the defendant's pro se motion pursuant to CPL 330.30, indicating that the defendant received the effective assistance of trial counsel, were adverse to the defendant's contention that he was denied such effective assistance (*see People v Coleman,* 294 AD2d 843, 844 [2002]; *see generally People v Betsch,* 286 AD2d 887 [2001]). However, the record establishes that, in denying the defendant's CPL 330.30 motion, the Supreme Court was not influenced by the statements of the defendant's trial counsel (*see People v Shegog,* 32 AD3d 1289 [2006]; *People v Cook,* 295 AD2d 888 [2002]; *People v Nawabi,* 265 AD2d 156 [1999]; *compare People v Gruttadauria,* 40 AD3d 879 [2007]). Thus, it was unnecessary

to assign the defendant new counsel in connection with the motion (*see People v Lattimore*, 5 AD3d 399, 400 [2004]; *People v Rodriguez*, 189 AD2d 684 [1993]). Accordingly, the appellate counsel's failure to raise these issues on appeal did not constitute ineffective assistance of appellate counsel. Krausman, J.P., Fisher, Lifson and Covello, JJ., concur.