■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. JENKINS, JR., Appellant. [844 NYS2d 252]—

Judgment, Supreme Court, New York County (James A. Yates,

J.), rendered December 1, 2005, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of nine years, unanimously affirmed.

The court properly denied defendant's motion to suppress the statements at issue. When the police responded to a radio report of a dispute and found defendant, the victim and the codefendant, all of whom appeared to have been involved in a bloody altercation, the officers were not required to provide *Miranda* warnings prior to telling defendant to sit down and asking him "What happened?" The police did nothing to suggest to defendant that he was in custody; on the contrary, their course of conduct clearly conveyed that they had not decided to arrest anyone without first clarifying the situation (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). The question was asked to clarify a volatile situation, and did not constitute an interrogation (*see People v Johnson*, 59 NY2d 1014 [1983]).

Defendant made his next set of statements to the police at a hospital, and the court suppressed those statements for lack of *Miranda* warnings. The court properly denied suppression of statements that defendant made at the precinct hours later to different officers, and still later to an assistant district attorney, since all the precinct statements followed *Miranda* warnings, and since there was a definite, pronounced break in the interrogation, such that defendant may be said to have returned, in effect, to the status of one who was not under the influence of questioning (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]).

Although defendant moved to withdraw his guilty plea at sentencing, the record indicates that he withdrew the motion after the court stated that he was entitled to appeal the suppression ruling. In any event, defendant's motion to withdraw his plea was without merit since it was based on defendant's conclusory and unsupported claims of innocence and lack of understanding that were contradicted by the plea allocution (*see People v Frederick*, 45 NY2d 520 [1978]). We also note that defendant never raised the possibility of a viable justification defense.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.