■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GRUTTADAURIA, Appellant. [848 NYS2d 280]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered April 6, 2004, convicting him of burglary in the second degree (three counts), attempted burglary in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials. By decision and order dated May 15, 2007, this Court remitted this matter to the County Court, Suffolk County, for a new determination of the defendant's pro se motion to set aside the verdict against him pursuant to CPL 330.30 based upon alleged ineffective assistance of counsel, and the appeal was held in abeyance in the interim (*see People v Gruttadauria*, 40 AD3d 879 [2007]). The County Court has now filed its report and determination, denying the motion without a hearing.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court was not required to conduct a hearing with respect to his motion to set aside the verdict pursuant to CPL 330.30 (*see People v Coleman*, 305 AD2d 1031, 1032 [2003]). With respect to his claim of ineffective assistance of counsel, the defendant was required to show that his trial counsel's performance constituted a "ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require reversal or modification of the judgment as a matter of

law by an appellate court" (CPL 330.30 [1]; *see People v Coleman*, 305 AD2d 1031, 1032 [2003]). "To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation . . . [a] single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise the defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005]). The record fails to show that the defense counsel's performance was ineffective (*see People v Turck*, 305 AD2d 1072, 1073 [2003]; *People v Cortez*, 296 AD2d 465, 465-466 [2002]; *People v Cumberbatch*, 200 AD2d 376 [1994]). On the face of the record, it appears that the defendant was afforded meaningful representation. During the course of jury selection, the defense counsel conferred with his client and exhausted all peremptory challenges. The jury acquitted the defendant of two counts of burglary in the second degree, despite the defendant's admissions to the police that he committed those burglaries.

The hearing court properly determined that the defendant's statements which were admitted into evidence at the trial were made after the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), after a definite and pronounced break in the interrogation sufficient to remove any taint from the initial statements made by the defendant to the police without the benefit of *Miranda* warnings (*see People v Paulman*, 5 NY3d 122 [2005]; *People v Jenkins*, 44 AD3d 565 [2007]).

The defendants' remaining contentions, including those raised in his supplemental pro se brief, are without merit. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.