■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BERNARD, Appellant. [938 NYS2d 898]—

The defendant was convicted, upon a jury verdict, of four counts of robbery in the first degree and various other offenses. Prior to sentencing, the defendant moved, pro se, to set aside the verdict pursuant to CPL 330.30 on the ground that a certain witness was not called to testify at trial. At the sentencing hearing, the Supreme Court asked defense counsel if he was adopting the defendant's motion. Defense counsel responded, in sum and substance, that he had reviewed the motion and did not adopt it. He added that if he were to adopt the motion, he would

have had to indicate that he had "a belief that it had some legal merit." The Supreme Court proceeded to deny the defendant's motion and impose sentence.

Defense counsel, by taking a position adverse to his client on the motion to set aside the verdict pursuant to CPL 330.30, deprived the defendant of effective assistance of counsel (*see People v Gruttadauria*, 40 AD3d 879, 880 [2007]; *People v Rosenbauer*, 1 AD3d 1050 [2003]; *People v Betsch*, 286 AD2d 887 [2001]; *People v Burton*, 251 AD2d 1020 [1998]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new determination of the motion, upon which motion the defendant's counsel on this appeal shall represent him. We express no opinion as to the merits of the defendant's motion and we decide no other issues at this time. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.