■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BERNARD, Appellant. [954 NYS2d 209]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered November 17, 2009, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order dated February 28, 2012, this Court remitted the matter to the Supreme Court, Queens County, for a new determination of the defendant's motion to set aside the verdict pursuant to CPL 330.30, and the appeal was held in abeyance in the interim (*see People v Bernard*, 92 AD3d 952 [2012]). The Supreme Court has filed its determination.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The fact that one of the People's witnesses had an unsavory background and testified pursuant to a cooperation

agreement did not render his testimony incredible (*see People v Chin*, 69 AD3d 752, 752-753 [2010]; *People v Jean-Marie*, 67 AD3d 704, 705 [2009]; *People v Manley*, 60 AD3d 870 [2009]; *People v Adams*, 302 AD2d 601 [2003]; *People v Harris*, 276 AD2d 562 [2000]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his request for an adverse inference charge. The Supreme Court's determination of an appropriate sanction for the prosecution's failure to preserve evidence "must be based primarily on the need to eliminate prejudice to the defendant" (*People v Rice*, 39 AD3d 567, 568-569 [2007]; *see People v Kelly*, 62 NY2d 516, 520 [1984]). The defendant was not prejudiced by the loss of the evidence at issue (*see People v Rice*, 39 AD3d at 569; *People v Perez*, 255 AD2d 403, 403-404 [1998]).

The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel took a position adverse to him on his pro se motion to set aside the verdict pursuant to CPL 330.30 has been rendered academic. Upon remittitur to the Supreme Court, Queens County, for a new determination of the motion (*see People v Bernard*, 92 AD3d 952 [2012]), the defendant's counsel on this appeal represented him and adopted his pro se motion. Eng, P.J., Dillon, Balkin and Cohen, JJ., concur.