People v Freire (2018 NY Slip Op 00564)





People v Freire


2018 NY Slip Op 00564


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2014-02217
 (Ind. No. 1162/12)

[*1]The People of the State of New York, respondent,
v
Howard Freire, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered March 3, 2014, convicting him of robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree, assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, for further proceedings on the defendant's motion to set aside the verdict pursuant to CPL 330.30, upon which motion the defendant's counsel on this appeal shall represent him, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant has established his entitlement to the relief sought in his CPL 330.30 motion. In the interim, the appeal shall be held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant was convicted, upon a jury verdict, of robbery in the first degree and other offenses. Prior to sentencing, the defendant moved, pro se, to set aside the verdict pursuant to CPL 330.30 on the ground of ineffective assistance of counsel. At the sentencing hearing, defense counsel stated that he had reviewed the motion and did not adopt it. He added that "I don't think it's correct." The Supreme Court ruled that the defendant was not entitled to "hybrid representation," and declined to review the motion.
Defense counsel, by taking a position adverse to that of his client on the motion to set aside the verdict pursuant to CPL 330.30, deprived the defendant of effective assistance of counsel (see People v Bernard, 92 AD3d 952, 953; People v Gruttadauria, 40 AD3d 879, 880). Accordingly, since the appellant has not addressed the merits of the CPL 330.30 motion in his brief, but rather, requests remittitur to the Supreme Court, we remit the matter for further proceedings on the merits of the motion and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant has established his entitlement to the relief sought in his motion. We express no opinion as to the merits of the defendant's motion and we [*2]decide no other issues at this time.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court