People v Lockwood (2019 NY Slip Op 08867)





People v Lockwood


2019 NY Slip Op 08867


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-04358
 (Index No. 1568/15)

[*1]The People of the State of New York, respondent, 
v
Vanallen Lockwood, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Monica M.C. Leiter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered March 5, 2018, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v DeBenedetto, 120 AD3d 1428, 1429; see CPL 220.60[3]; People v Brown, 14 NY3d 113, 116; People v Jemmott, 125 AD3d 1005, 1006). Here, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. The defendant's contention that his plea was not voluntary because he was coerced by his trial attorney is belied by the record, which reveals that the defendant acknowledged under oath that no one had threatened or forced him to plead guilty (see People v Monroe, 174 AD3d 649, 650; People v Tavares, 103 AD3d 820, 821). The record as a whole affirmatively demonstrates that the defendant entered his plea knowingly, voluntarily, and intelligently (see People v Harris, 61 NY2d 9, 19).
As the defendant contends, certain statements made by his trial counsel prior to sentencing, in connection with the defendant's pro se motion to withdraw his guilty plea, were adverse to the defendant's contention that he had been denied the effective assistance of counsel. Nevertheless, under the particular circumstances of this case, it was unnecessary to assign the defendant new counsel in connection with the motion. The Supreme Court's stated reasons for denying the defendant's motion reflect that the court based its determination upon the record before it and not upon any statements made by the defendant's counsel (see People v Rogers, 43 AD3d 1189; People v Shegog, 32 AD3d 1289, 1291; People v Cook, 295 AD2d 888; see also People v Greene, 208 AD2d 764).
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court