People v Irick (2022 NY Slip Op 01744)





People v Irick


2022 NY Slip Op 01744


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Ind. No. 3869/15 Appeal No. 15505 Case No. 2019-4515 

[*1]The People of the State of New York, Respondent,
v
Wilbur Irick, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at suppression hearing; James M. Burke, J. at pretrial calendar appearance; Abraham L. Clott, J. at jury trial and sentencing), rendered December 7, 2017, convicting defendant of robbery in the first degree and menacing in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously affirmed.
The hearing court providently exercised its discretion in removing defendant from the courtroom during the suppression hearing based on defendant's disruptive behavior, including throwing himself on the floor (see People v Baldwin, 277 AD3d 134, 135 [1st Dept 2000], lv denied 96 NY2d 780 [2001]). The totality of the court's interchanges with defendant were sufficient to warn him that if he persisted in his announced plan to prevent the hearing from going forward, the hearing would proceed in his absence.
Defendant was not deprived of his right to self-representation. At a calendar appearance a few days before trial, while expressing his dissatisfaction with his then third attorney, defendant mentioned his ability to represent himself, however, defendant did not make an unequivocal request to proceed pro se (see People v LaValle, 3 NY3d 88, 106-107 [2004]). Defendant's statements were overshadowed by his numerous complaints regarding his attorney (see People v Jackson, 39 AD3d 394 [1st Dept 2007], lv denied 9 NY3d 845 [2007], cert denied 553 US 1011 [2008]). Regardless, the calendar court appropriately advised defendant that in the event he wished to proceed pro se, he should make that request to the justice who would be presiding at trial.
When, at the end of jury selection, defendant made such a request, the trial court providently denied the request, noting defendant's escalating disruptive behavior during the early trial proceedings as well as defendant's use of profanity and threats to the court and counsel. Further, it was within the sound discretion of the trial court to bar defendant's presence for the remainder of the trial (see People v Young, 41 AD3d 318 [1st Dept 2007], lv denied 9 NY3d 1040 [2008]; People v Cumberbatch, 200 AD2d 376 [1st Dept 1994], lv denied 83 NY2d 803 [1994]).
The record fails to support defendant's contention that his counsel made any statements to the court that would amount to taking an adverse position against his client.
Defendant's presence was not required at a very brief discussion during jury selection where the court sought the lawyers' legal opinions regarding its conclusion that defendant, as a matter of law, had not unequivocally asked to represent himself up to that point (see People v Rodriguez, 85 NY2d 586, 590-591 [1995]). In any event, the matter became academic shortly thereafter when, as noted, the court ruled in defendant's presence on his request for self-representation, giving him a full opportunity for input (see People v Starks, 88 NY2d 18, 29 [1996]).
The court, which [*2]offered defendant an opportunity to consult with counsel before deciding whether or not to testify, providently exercised its discretion in denying defendant's request for a potentially prolonged delay to prepare for his testimony and review of the evidence, including 911 calls, that had been introduced in his absence. Defendant's claimed lack of preparation was the result of his own disruptive conduct, which prevented him from attending the trial, as well as his continued refusal to cooperate or communicate with counsel. In any event, any error in this regard was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's claim that his original counsel rendered ineffective assistance with regard to defendant's request to testify before the grand jury is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record. Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards. Defendant has not shown the absence of a reasonable strategic decision (see People v Hogan, 26 NY3d 779, 786-787 [2016]), or
any prejudice (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Wiggins, 89 NY2d 872 [1996]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022