People v Hemingway (2022 NY Slip Op 06356)

People v Hemingway

2022 NY Slip Op 06356

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

739 KA 21-00506

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON HEMINGWAY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 21, 2019. The judgment convicted defendant upon his plea of guilty of criminal sexual act in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant was previously convicted upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [1]). On a prior appeal, we reversed the judgment of conviction and vacated his plea because County Court failed to advise him that his sentence would include a period of postrelease supervision (PRS) (People v Hemingway, 166 AD3d 1524, 1525 [4th Dept 2018]). We remitted the matter to County Court for further proceedings on the indictment. Upon remittal, defendant again pleaded guilty to criminal sexual act in the first degree, and was sentenced to 15 years of incarceration plus five years of PRS. Defendant now appeals from the judgment of conviction rendered as a result of that plea.
As defendant contends and the People correctly concede, his waiver of the right to appeal is unenforceable (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied 140 S Ct 2634, — US — [2020]) and the court failed to determine whether defendant should be afforded youthful offender treatment (see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]; People v Rudolph, 21 NY3d 497, 499-501 [2013]).
We further agree with defendant that defense counsel improperly took a position adverse to defendant on his pro se motion to withdraw his plea and provided him with inaccurate advice about the legal consequences of our prior ruling. Several months after defendant's plea was entered, while waiting for his mitigation report to be completed, defendant submitted a pro se motion seeking to withdraw his plea. Defense counsel refused to adopt defendant's pro se motion and, in response to questioning by the court, explained that the reason therefor was that he did not see any grounds for the motion. Defendant ultimately withdrew his motion and the court imposed sentence.
"It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Deliser, 21 NY3d 964, 966 [2013]). Although defense counsel has no duty to support the pro se motion of a defendant to withdraw a plea of guilty, defense counsel deprives a defendant of effective assistance of counsel by taking a position adverse to defendant (see People v Lewis, 286 AD2d 934, 934 [4th Dept 2001]). Defense counsel "takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit . . . , or that the defendant, who is challenging the voluntariness of [the] guilty plea, 'made a knowing plea . . . [that] was in his best interest' " (People v Washington, 25 NY3d 1091, 1095 [2015], quoting People v Deliser, 21 NY3d 964, 966 [2013]). When defense counsel takes a position adverse to his or her client, "a conflict of interest arises, and the court must [*2]assign a new attorney to represent the defendant on the motion" (Deliser, 21 NY3d at 967).
Here, by stating that there were no grounds for defendant's pro se motion, defense counsel essentially said that it lacked merit, which constitutes taking a position adverse to defendant (see People v Faulkner, 168 AD3d 1317, 1318-1319 [3d Dept 2019]; see also People v Lee, 188 AD3d 1685, 1685-1686 [4th Dept 2020]; People v Colson, 160 AD3d 579, 579-580 [1st Dept 2018]).
We also agree with defendant that his attorney gave him erroneous information about the effect of our prior ruling. It appears from the record that defense counsel advised defendant that the issues raised by defendant in his pro se motion to withdraw his plea had already been decided against him in the prior appeal. The court agreed with defense counsel's interpretation of our ruling. Both defense counsel and the court were incorrect. In the prior appeal, defendant did not raise, and we did not address, any of the contentions advanced by defendant in his pro se motion to withdraw his plea. Although defendant at sentencing withdrew his pro se motion to withdraw his plea, we cannot conclude from the record that his decision to do so was not likely affected by the inaccurate advice he received from counsel.
We therefore hold the case, reserve decision, and remit the matter to County Court for assignment of counsel, a de novo determination of defendant's pro se motion to withdraw his plea and, if necessary, to make and state for the record a determination of whether defendant should be afforded youthful offender status (see Lewis, 286 AD2d at 934; see generally People v Polanco, 186 AD3d 1109,
1109 [4th Dept 2020]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court