People v Colella (2024 NY Slip Op 04012)

People v Colella

2024 NY Slip Op 04012

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, DELCONTE, AND HANNAH, JJ.

512 KA 21-01143

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN COLELLA, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered August 9, 2021. The judgment convicted defendant upon a jury verdict of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law
§ 155.35 [1]) arising out of the theft of a vehicle. Viewing the evidence, including DNA evidence, in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that he received ineffective assistance of counsel. "What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (People v Baldi, 54 NY2d 137, 146 [1981]; see People v Borcyk, 184 AD3d 1183, 1183 [4th Dept 2020]). In order to establish that defense counsel's failure to make a particular pretrial motion constituted ineffective assistance of counsel, "defendant must show that the particular motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation" (People v Riley, 182 AD3d 1017, 1018 [4th Dept 2020], lv denied 35 NY3d 1069 [2020]; see generally Baldi, 54 NY2d at 147). It is well established that "a simple disagreement with strategies . . . weighed long after the trial, does not suffice" (People v Benevento, 91 NY2d 708, 713 [1998]) [internal quotation marks omitted]).
Here, the People's theory of the case was that defendant fled from a home in Holland, New York, after learning about the imminent execution of a parole violation warrant against him, and stole a vehicle that was parked in a driveway some two miles away. The stolen vehicle was recovered by the police the next morning in the City of Buffalo. A detective viewed surveillance video footage from a home that is across the street from where the vehicle was found and made a copy of it on a cell phone. A police report in the record indicates that the video footage showed a person parking and exiting the vehicle. The police report further notes that the person in the footage was "wearing a hooded shirt and dark pants." However, one of the prosecution witnesses had informed law enforcement, in text messages sent to 911 to report defendant's whereabouts, that defendant was wearing a gray T-shirt and gray jogging pants on the night in question. Both the footage and the police copy were lost or destroyed and therefore were never produced to defense counsel.
The attorney originally assigned to defendant's case filed an omnibus motion in which he [*2]moved for, inter alia, dismissal of the indictment under Brady v Maryland (373 US 83 [1963]) on the basis of the People's failure to turn over the footage or a copy. That attorney was subsequently relieved as counsel and replaced by a new assigned counsel (defense counsel). Defense counsel withdrew the former counsel's pretrial motion and subsequently entered into a stipulation with the prosecution whereby there would be no mention at trial of the surveillance footage. The stipulation was made by defense counsel over defendant's vehement objection. In a letter to defendant, defense counsel stated that his reason for drafting the stipulation was that "no description [had been given] of the individual who left the [vehicle]" and the jury might speculate as to whether defendant had appeared in the video.
We conclude that defendant established that defense counsel did not have a legitimate strategy for withdrawing the prior counsel's pretrial motion raising the Brady violation and entering into the stipulation and that a motion relating to the footage would have been successful. Pursuant to CPL 245.20 (1) (g) the People were required to provide "[a]ll tapes or other electronic recordings" relevant to the subject matter of the case that were "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." CPL 245.20 (2) and CPL 245.55 (1) further provide that all items and information in police possession are deemed to be in the People's possession. Thus, once the police made the copy of the video, the People had an obligation to preserve it (see generally People v Kelly, 62 NY2d 516, 520 [1984]).
Additionally, defense counsel's proffered strategic reasoning for the stipulation was faulty and therefore did not amount to "a reasonable and legitimate strategy under the circumstances" (Benevento, 91 NY2d at 713). Defense counsel had in his possession the police report indicating that the surveillance video showed a man with certain clothing park and leave the stolen vehicle. He also had information related to the witness's statement to law enforcement supporting the conclusion that defendant was wearing different clothing on the night of the incident. Thus, defense counsel's proffered reasons—that "no description" had been given of the person leaving the vehicle and that the footage "completely contradict[ed]" defendant's claim of innocence—were incorrect and could not constitute a legitimate strategic reason for the stipulation.
Additionally, because of the stipulation, defense counsel failed to introduce the exculpatory information, including the inconsistency between the police report description and the description of defendant in the 911 text message, at trial. Moreover, defense counsel expressly told Supreme Court that the evidence "completely contradict[ed] [defendant's] theory of his defense," thereby taking an adverse position to defendant, who consistently maintained that the footage showed that he was innocent, told defense counsel that the omnibus motion had been filed pursuant to his request, and repeatedly objected to defense counsel's withdrawal of the motion (see generally People v Richardson, 143 AD3d 1252, 1255 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Betsch, 286 AD2d 887, 887 [4th Dept 2001]).
We cannot conclude that "the evidence, the law and the circumstances of [this] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (People v Satterfield, 66 NY2d 796, 798-799 [1985]; see Baldi, 54 NY2d at 147).
In light of our decision to grant a new trial, we do not address the issue whether the sentence is unduly harsh and severe. We have reviewed defendant's remaining contention and conclude that it is without merit.
All concur except Whalen, P.J., and Curran, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent inasmuch as we disagree with the conclusion of the majority that defendant was denied effective assistance of counsel. Defendant contends that defense counsel failed to provide effective assistance when counsel, inter alia, withdrew a previously filed omnibus motion alleging a Brady violation based on the People's alleged failure to preserve video surveillance footage that had been viewed by the police upon discovery of the vehicle allegedly stolen by defendant. Even assuming, arguendo, that the majority is correct in asserting that defense counsel likely would have been successful in obtaining some relief on the motion, such as an adverse inference instruction (see generally People v Handy, 20 NY3d 663, 670 [2013]), as a result of the People's failure had counsel chosen to pursue that strategy (see generally People v Viruet, 29 NY3d 527, 532-533 [2017]), we do not agree that the withdrawal [*3]of the motion rendered counsel ineffective. In considering defendant's claim of ineffective assistance, we must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (People v Baldi, 54 NY2d 137, 146 [1981]).
Here, the record establishes that defense counsel's decision to seek preclusion of all references to the video surveillance footage, rather than a sanction for its loss, was a legitimate trial strategy. The available adverse inference instruction is merely permissive—it "neither establishes a legal presumption nor furnishes substantive proof" in favor of a defendant (Handy, 20 NY3d at 670 [internal quotation marks omitted]; see CJI2d[NY] Adverse Inference: Missing, Lost, Destroyed Evidence). To obtain that instruction, however, defense counsel would have had to permit the jury to learn that police officers had viewed video surveillance footage that showed the sole occupant exit the stolen vehicle within hours of its theft and subsequently arrested defendant. Thus, although the jury might have taken the permitted adverse inference against the People, jurors might instead have inferred that the police officers arrested defendant in part because of what they viewed on the video surveillance. Further, although there is some evidence in the record that the video surveillance footage might have shown that the person exiting the stolen vehicle shortly after midnight was wearing clothing that appeared different from that which defendant had been described as wearing earlier in the evening, we cannot conclude that the evidence of that potential discrepancy was so clearly exculpatory that no reasonable defense counsel would have failed to seek an adverse inference instruction highlighting its absence (see generally People v McGee, 20 NY3d 513, 518 [2013]). Indeed, a reasonable juror could have concluded that what appeared to be "gray jogging pants" earlier in the evening would have looked like "dark pants" on a surveillance video taken after midnight and that a hoodie is easily thrown over a T-shirt. Thus, as defense counsel explained to defendant in a letter included in the record, defense counsel made the strategic decision to avoid any reference to the video surveillance footage: "Rather than allow a trial jury to speculate that the person who exited the vehicle was [defendant], [defense counsel] consider[ed] less evidence to be more." By entering into a stipulation with the prosecution to preclude any reference to the video surveillance footage, defense counsel was able to focus on raising a reasonable doubt regarding the only remaining inculpatory evidence against defendant, specifically the DNA evidence found in the stolen vehicle. Thus, defense counsel's decision, although ultimately unsuccessful, nonetheless had a
" 'strategic or other legitimate explanation[ ]' " (People v Benevento, 91 NY2d 708, 712 [1998]; see People v Rodriguez, 31 NY3d 1067, 1068 [2018]; People v Rivera, 71 NY2d 705, 709 [1988]). Defendant's contention therefore amounts to a "mere disagreement with trial strategy," which "is insufficient to establish that defense counsel was ineffective" (People v Barksdale, 191 AD3d 1370, 1371 [4th Dept 2021], lv denied 36 NY3d 1118 [2021] [internal quotation marks omitted]).
Inasmuch as we have reviewed defendant's remaining contentions and conclude that they are without merit, we would affirm.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court