People v Moore (2025 NY Slip Op 05169)

People v Moore

2025 NY Slip Op 05169

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 5652/14|Appeal No. 4757-4757A|Case No. 2019-3864, 2023-06047|

[*1]The People of the State of New York, Respondent,
v
Ricky Moore, Defendant-Appellant. 

Justin C. Bonus, Forest Hills, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael Obus, J., at suppression hearing; Ellen N. Biben, J., at CPL 30.30 motion; Robert Mandelbaum, J., at trial and sentencing), rendered March 7, 2019, convicting defendant, after a jury trial, of burglary in the second degree and burglary in the third degree (12 counts), and sentencing him, as a second violent felony offender, to a term of 15 years on the burglary in the second degree count, to run consecutively with concurrent terms of 3½ to 7 years on each of the burglary in the third degree counts; and order, same court (Robert Mandelbaum, J.), entered on or about October 24, 2023, which denied his CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court did not violate defendant's right to self-representation at the CPL 30.30 hearing. Defendant's passing, tentative statement that he "would go pro se" did not "reflect a definitive commitment to self-representation" (see People v Duarte, 37 NY3d 1218, 1219 [2022], cert denied — US —, 143 S Ct 136 [2022]) and defendant only mentioned self-representation when the court denied his request to relieve counsel and but thereafter acquiesced in counsel's continued representation (see People v Berrian, 154 AD3d 486, 487 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]). Notably, defendant did not renew his pro se application, even though the court offered to consider his application at the close of the proceeding, and thereby abandoned the issue (see People v Ramos, 35 AD3d 247 [1st Dept 2006], lv denied 8 NY3d 926 [2007]).
Furthermore, the trial court had ample basis to deny defendant's request to represent himself at trial based on defendant's repeated disruptive behavior and his refusal to follow the court's instructions (see People v McIntyre, 36 NY2d 10, 17 [1974]; People v Irick, 203 AD3d 517, 518 [2022], lv denied 38 NY3d 1033 [2022], cert denied — US —, 143 S Ct 357 [2022]; People v Williams, 134 AD3d 639, 639 [1st Dept 2015], lv denied 27 NY3d 970 [2016]).
The court providently denied defendant's request for substitution of counsel, since he failed to establish good cause to relieve counsel (see People v Washington, 25 NY3d 1091, 1095 [2015]; People v Sides, 75 NY2d 822, 824 [1990]). Defendant's allegations that counsel violated the witness advocate rule were unsubstantiated and conclusory and did not provide a basis to replace counsel, who was defendant's fourth attorney (see People v Leon, 3 AD3d 403 [1st Dept 2004], lv denied 2 NY3d 763 [2004]; People v Estwick, 266 AD2d 123, 123-124 [1st Dept 1999], lv denied 94 NY2d 918 [2000]). Nor did the court deny defendant the right to counsel of his own choosing. The scope of the proposed new attorney's representation was unclear, and while the court stated that it would be amenable to substitute if defendant retained the new attorney "for all purposes," defendant ultimately never retained that attorney or any other new attorney.
The court providently denied defendant's speedy trial motion. The hearing evidence conclusively established that defendant voluntarily chose not to attend his scheduled court appearance on October 5, 2016. Thus, the 14-day period that followed was excludable (see People v Ali, 209 AD2d 227, 227 [1st Dept 1994], lv denied 85 NY2d 905 [1995]).
Defendant received the effective assistance of counsel under state and federal constitutional standards (see People v Benevento, 91 NY2d 708, 712-713[1998]; Strickland v Washington, 466 US 668 [1984]). As the trial court determined in denying defendant's CPL 440.10 motion to vacate judgment, defendant's counsel represented defendant not merely effectively, but expertly, in litigating defendant's CPL 30.30 motion, and successfully obtained dismissal of one indictment on 30.30 grounds and a hearing on a dispositive period on the other indictment.
Although the People belatedly disclosed Brady material, the sanctions imposed by the court ensured that defendant received a "meaningful opportunity" to use the material; thus, defendant was not denied a fair trial (see People v Osborne, 91 NY2d 827, 828-829 [1997]; People v Cortijo, 70 NY2d 868, 870 [1987]). The stipulation entered into by the parties fully presented the exculpatory nature of the belatedly disclosed DNA evidence, stating that defendant was excluded as a contributor to the DNA mixture from the July 28, 2014 burglary, and the court dismissed that burglary count. The stipulation thus cured any potential prejudice from the People's belated disclosure; in fact, it worked to defendant's advantage by presenting the exculpatory information without permitting the People to minimize or explain it. There was no reasonable possibility that the evidence supporting the dismissed burglary count would have influenced the guilty verdicts on the other 13 burglary counts that occurred on different dates at different locations (see People v Daly, 14 NY3d 848, 849-850 [2010]; People v Baghai-Kermani, 84 NY2d 525, 532 [1994]).
Defendant's claim that the court failed to conduct a pre-voir dire oath as to the prospective jurors in violation of CPL 270.15(1) is unpreserved (see People v Melendez, 205 AD2d 392 [1st Dept 1994], lv denied 84 NY2d 829 [1994]) and unavailing. The transcript of the proceedings established that the prospective jurors swore to answer truthfully before they were questioned.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025