◼ In the Matter of RAASHIDA W., a Person Alleged to be a Juvenile Delinquent, Appellant. [643 NYS2d 136] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (Meyer, J.), entered May 13, 1994, which, upon a fact-finding order of the same court, dated April 14, 1994, made after a hearing, determined that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent, and placed her on probation for 18 months. The appeal brings up for review the fact-finding order dated April 14, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In this case, the presentment agency sought to prove that the complainant was intentionally assaulted by the appellant with a dangerous instrument, namely, "an object with a metal end", as alleged in the petition and counts charged (*see,* Penal Law § 120.10 [1]; § 10.00 [13]). The testimony during the presenting agency's case was consistent with this theory, as the complainant testified that someone handed the appellant an object which resembled the end of a tape dispenser, and the appellant struck the complainant in the face with that object.

During the defense case, the appellant and her witnesses denied that the appellant received and used a dangerous instrument during the fight. Instead, they asserted that the appellant was wearing a finger ring with a protruding metal prong as she fought with the complainant. The appellant conceded

that she had removed all of her other jewelry in anticipation of fighting with the complainant. The court concluded that the appellant was wearing a ring with a protruding metal prong.

The appellant's decision to wear a finger ring with a protruding metal prong when she intentionally hit the complainant in the face during the fight was consistent with the allegation that the complainant was intentionally assaulted and injured by the appellant who used an "object with a metal end" to cause the injury (*see, e.g.,* Penal Law § 120.10 [1]; § 10.00 [13]; *People v Spann,* 56 NY2d 469, 473-474; *Matter of Jason J.,* 187 AD2d 652). Accordingly, neither the Family Court nor the presentment agency constructively amended the counts charged in the petition.

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Deejai S.,* 220 AD2d 514; *cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence (*cf.,* CPL 470.15 [5]). Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.