■ In the Matter of ROSEANGELA C., a Person Alleged to be a Juvenile Delinquent, Appellant. [648 NYS2d 1013] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated December 27, 1994, which, upon a fact-finding order of the same court, dated December 15, 1994, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged her to be a juvenile delinquent, and placed her on probation for a period of two years. The appeal brings up for review the fact-finding order dated December 15, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (cf., People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the rec-

ord *(see, Matter of Raashida W.,* 227 AD2d 496; *cf., People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence *(cf.,* CPL 470.15).

There is no merit to the appellant's contention that the court erred in permitting the prosecuting attorney to cross-examine her about the underlying facts of a prior juvenile delinquency adjudication. As a general rule, it is impermissible to use a juvenile delinquency adjudication as an impeachment weapon because such an adjudication does not constitute a conviction of a crime *(see, People v Gray,* 84 NY2d 709, 712). However, a juvenile who takes the stand in a delinquency proceeding may be impeached by inquiry into prior acts of misconduct which tend to discredit the witness's character and show him or her to be unworthy of belief, provided that such questions are asked in good faith and have a reasonable basis in fact *(see, People v Hunter,* 88 AD2d 321; *see also, Matter of Jerome D.,* 212 AD2d 699; *People v Brailsford,* 106 AD2d 648). Since the presentment agency attorney established a good-faith basis to question the appellant about her prior bad acts, and the information sought reflected upon the appellant's credibility, the Family Court did not improvidently exercise its discretion in permitting the questioning. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.