People v Melendez (2020 NY Slip Op 02628)





People v Melendez


2020 NY Slip Op 02628


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-04236
 (Ind. No. 17-00434)

[*1]The People of the State of New York, respondent,
v
Carlos Melendez, appellant.


Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered March 27, 2018, convicting him of assault in the first degree, attempted assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
As a consequence of an altercation that occurred on May 20, 2017, in Newburgh, the defendant was convicted of assault in the first degree as against Kyrell Saunders, attempted assault in the second degree as against Devin Singleton, and criminal possession of a weapon in the third degree. The evidence presented at trial established that the defendant struck both complainants in the head with a hard metal object, after which Saunders was transported by ambulance to the hospital, where he underwent a craniotomy and received 40 staples to close the wound on his head. The incident was captured on video by a bystander.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree (Penal Law § 120.10[1]). The defendant contends that the People did not present legally sufficient evidence of his intent to cause serious physical injury to Saunders. " A jury is entitled to infer that a defendant intended the natural and probable consequences of his acts'" (People v Barboni, 21 NY3d 393, 405, quoting People v Bueno, 18 NY3d 160, 169). Here, the jury was entitled to infer that the defendant intended to cause serious physical injury to Saunders because the natural and probable consequences of forcefully swinging a metal object at an individual's head include "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]; see People v Lanier, 44 AD3d 547, 547; Matter of Raashida W., 227 AD2d 496, 497; People v Avilla, 212 AD2d 800).
To the extent the defendant contends that the People did not present legally sufficient evidence that he caused Saunders' injury, this argument is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Villanueva, 136 AD3d 1068), and, in any event, is without merit. The evidence was sufficient to establish that the defendant's conduct was an actual contributory cause of Saunders' injury, and the injury was a reasonably foreseeable result [*2]of the defendant's conduct (see People v Davis, 28 NY3d 294; People v Ash, 176 AD3d 1090; People v Montgomery, 173 AD3d 627, 628; see also Hain v Jamison, 28 NY3d 524, 529).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate "the absence of strategic or other legitimate explanations" for counsel's allegedly ineffective representation (People v Rivera, 71 NY2d 705, 709; see People v Thompson, 173 AD3d 1068, 1069). The failure of defense counsel to request that the jury be charged with the lesser included offense of attempted assault in the first degree, where such charge was unsupported by the evidence and contradictory to the theory of defense argued in summation, did not constitute ineffective assistance of counsel (see People v Moore, 66 AD3d 707, 711, affd 15 NY3d 811). Notably, the lesser included offense of assault in the second degree (Penal Law § 120.05[2]) was submitted to the jury, which nevertheless found the defendant guilty of assault in the first degree. Viewing the record in its totality, the defendant was afforded meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court