People v Sonds (2020 NY Slip Op 03036)





People v Sonds


2020 NY Slip Op 03036


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-01592
 (Ind. No. 9527/14)

[*1]The People of the State of New York, respondent,
v
Mashawn Sonds, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered January 13, 2016, convicting him of assault in the first degree as a hate crime, upon a jury verdict, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, for further proceedings on the defendant's motion to set aside the verdict pursuant to CPL 330.30, upon which motion the defendant's counsel on appeal shall represent him, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant has established his entitlement to the relief sought in his CPL 330.30 motion. In the interim, the appeal shall be held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
Prior to sentencing, the defendant moved, pro se, to set aside the verdict pursuant to CPL 330.30. At the sentencing hearing, defense counsel stated that the defendant asked him to adopt the motion but that defense counsel did not believe that it was "viable." He added that, in his opinion, the motion argued matters that were not "for the purview of the [c]ourt." The Supreme Court declined to review the motion.
As the People concede, defense counsel, by taking a position adverse to that of his client on the motion to set aside the verdict pursuant to CPL 330.30, deprived the defendant of the effective assistance of counsel (see People v Freire, 157 AD3d 963, 964; People v Bernard, 92 AD3d 952, 953; People v Gruttadauria, 40 AD3d 879, 880). Accordingly, since the defendant has not addressed the merits of the CPL 330.30 motion in his brief, but rather, requests remittitur to the Supreme Court, we remit the matter for further proceedings on the merits of the motion and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant has established his entitlement to the relief sought in the motion. We express no opinion as to the merits of the defendant's motion and we decide no other issues at this time.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court