People v DeLaCruz (2021 NY Slip Op 01785)





People v DeLaCruz


2021 NY Slip Op 01785


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-06476
 (Ind. No. 9064/17)

[*1]The People of the State of New York, respondent,
v
Anthony DeLaCruz, appellant.


Stephen N. Preziosi, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Denise Pavlides, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered April 29, 2019, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), menacing in the second degree, falsely reporting an incident in the third degree, and improper display of number plates (two counts), upon a jury verdict, and imposing sentence. By decision and order on motion dated May 6, 2020, this Court, inter alia, granted the defendant's motion for a stay of execution of the judgment pending hearing and determination of the appeal.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contentions, he was not entitled to have the jury instructed on the defense of justification pursuant to Penal Law § 35.25 or § 35.30, with respect to the assault charges against him. Viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence to support the conclusion that the defendant used physical force against the complainant for the purpose of "prevent[ing] or terminat[ing]" what he "reasonably believe[d]" to be the commission of a larceny, as the defendant's assault on the complainant occurred after the defendant searched the complainant unsuccessfully for the property he believed the complainant had stolen from him (Penal Law § 35.25; see People v Velez, 198 AD2d 26, 27; see also Matter of Timothy HH., 41 AD3d 913, 915). Further, viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence to support a conclusion that the defendant, an off-duty police officer, who walked away from the complainant after assaulting him, used physical force on the complainant for the purpose of effecting or attempting to effect an arrest (see Penal Law § 35.30; People v Richard, 166 AD3d 1014, 1015). To the extent that the defendant contends that he was entitled to a jury instruction on a "claim of right" defense to the robbery [*2]charges, the contention is without merit. Among other things, such a jury charge is only available in a larceny prosecution, not in a robbery prosecution (see Penal Law § 155.15[1]; People v Green, 5 NY3d 538, 540). Since the defendant was not entitled to any of these three jury charges, defense counsel was not ineffective for failing to specifically request them (see People v Stultz, 2 NY3d 277, 287).
However, "[i]t is a well-established principle of state evidentiary law that evidence of a defendant's pretrial silence is generally inadmissible" (People v Williams, 25 NY3d 185, 190). Here, as the defendant correctly contends, the People improperly used his pretrial silence against him on their direct case (see id. at 190). Since this evidence was used by the People on their direct case, their reliance upon cases in which "conspicuous omissions from the defendants' statements to police" had properly been used during cross-examination of the defendants to impeach the credibility of their exculpatory trial testimony is misplaced (id. at 192, citing People v Savage, 50 NY2d 673, and People v Rothschild, 35 NY2d 355). Contrary to the People's contention, the error in admitting evidence of the defendant's pretrial silence during their direct case was not harmless (see People v Williams, 25 NY3d at 194; People v Crimmins, 36 NY2d 230, 242). Although this issue is unpreserved for appellate review (see CPL 470.05[2]), we reach it in the exercise of our interest of justice jurisdiction, and on that basis, reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial.
The defendant's remaining contentions need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court