People v Watson (2023 NY Slip Op 01538)

People v Watson

2023 NY Slip Op 01538

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-00980
 (Ind. No. 983/17)

[*1]The People of the State of New York, respondent,
v
Reginald Watson, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Alexander Vidal on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered December 12, 2018, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gene R. Lopez, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, on the law, by vacating the conviction of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Following his involvement in a motor vehicle accident in Queens on February 12, 2017, and based upon, inter alia, the results of his subsequent blood alcohol content test, the defendant was convicted of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials. The defendant was not in custody at the time that he made the first set of challenged statements (see People v Yukl, 25 NY2d 585; People v Gore, 117 AD3d 845, 845-846), and the remaining challenged statements, made while the defendant was in custody but prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436), were spontaneous and not triggered by any police questioning or other conduct that reasonably could have been expected to elicit a declaration from him (see People v Adams, 157 AD3d 897, 898; People v Goldson, 136 AD3d 1053, 1054).
However, as the People correctly concede, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2) is a lesser included offense of aggravated driving while [*2]intoxicated in violation of Vehicle and Traffic Law § 1192(2-a) (see CPL 300.30[4]; People v Hardy, 208 AD3d 519, 520). A verdict of guilt upon the greater count is deemed a dismissal of every lesser count (see CPL 300.40[3]). Accordingly, we vacate the conviction of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2) and the sentence imposed thereon, and dismiss that count of the indictment (see People v Lee, 39 NY2d 388, 390; People v Hardy, 208 AD3d at 520).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court