People v Euceda (2023 NY Slip Op 02327)

People v Euceda

2023 NY Slip Op 02327

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-08734
 (Ind. No. 1055/19)

[*1]The People of the State of New York, respondent,
v
Ulises Euceda, appellant.

Mark Diamond, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard I. Horowitz, J.), rendered October 27, 2021, convicting him of course of sexual conduct against a child in the first degree, rape in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of course of sexual conduct against a child in the first degree, rape in the third degree, and two counts of endangering the welfare of a child, after a trial in which the complainant testified that the defendant had sexual intercourse with her on multiple occasions over an extended period of time, beginning when she was 11 years old.
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish the complainant's age at the time the crimes were committed (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish a lack of consent based upon incapacity to consent due to age (Penal Law § 130.05[1], [2][b], [3][a]; see People v Ciancanelli, 175 AD3d 1421; People v Plass, 160 AD3d 771), and thus to support the defendant's convictions. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The County Court providently exercised its discretion in denying the defendant's request for a missing witness charge. The People established that the uncalled witness was not under their control (see People v Montello, 197 AD3d 575, 577; People v Picart, 171 AD3d 799, 800; People v Mulero, 229 AD2d 402, 403).
Contrary to the defendant's contention, the County Court properly admitted into evidence certain of the complainant's school attendance records through the testimony of the school district's records custodian. That witness testified that she was familiar with the record-keeping [*2]practices of the school district, that the records were made in the regular course of the school district's business, that it was the regular course of the school district's business to make the records, and that the records were made contemporaneously with the complainant's absences recorded therein (see CPLR 4518; People v Kennedy, 68 NY2d 569, 579-580; People v Gunther, 172 AD3d 1403, 1404).
The defendant was provided with the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
The defendant's remaining contentions are unpreserved for appellate review, and in any event, without merit.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court