People v Stockfeder (2023 NY Slip Op 04220)

People v Stockfeder

2023 NY Slip Op 04220

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2022-03377
 (Ind. No. 255/21)

[*1]The People of the State of New York, respondent,
v
Matthew Stockfeder, appellant.

The Baker Law Firm for Criminal Appeals, PLLC, Bronx, NY (Mark M. Baker of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen Knopf, J.), rendered May 6, 2022, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree arising out of a stabbing altercation with one of the defendant's housemates. The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Melendez, 183 AD3d 597, 598). Moreover, contrary to the defendant's contention, the People presented legally sufficient evidence to disprove the defense of justification beyond a reasonable doubt (see Penal Law §§ 25.00, 35.00; People v Maldonado, 167 AD3d 1046, 1047; People v Williams, 304 AD2d 595, 595).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Melendez, 183 AD3d at 599).
The defendant's contention that the conviction of assault in the first degree should be reduced to assault in the second degree on the ground that his intoxication prevented him from forming the requisite intent to cause serious physical injury is unpreserved for appellate review. The defendant did not ask the Supreme Court to charge assault in the second degree under Penal Law § 120.05(4) as a lesser included offense (see People v Rodriguez, 166 AD3d 459). The decision as to [*2]whether to seek a jury charge on the lesser included offense is a matter of strategy and tactics that ultimately rests with defense counsel (see People v Colville, 20 NY3d 20, 23). In deciding whether to request a lesser included offense instruction, defense counsel must make a strategic choice: giving the instruction may decrease the chance that the jury will convict for the greater offense, but it also may decrease the chance of an outright acquittal. Here, defense counsel made a tactical decision not to seek the lesser included offense (see id. at 31-32). Moreover, the defendant does not argue that his trial counsel was ineffective.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in excusing, sua sponte, a prospective juror who expressed uncertainty as to her ability to be fair (see People v James, 47 AD3d 947, 948).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80; see also People v McNeil, 181 AD3d 716).
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court