People v Case (2023 NY Slip Op 05618)

People v Case

2023 NY Slip Op 05618

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2019-02486
 (Ind. No. 10555/16)

[*1]The People of the State of New York, respondent,
v
Rossano Case, appellant.

Patricia Pazner, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered January 9, 2019, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, robbery in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of robbery in the first degree, robbery in the second degree, assault in the second degree, robbery in the third degree, and petit larceny arising from an incident during which the defendant, while exiting a supermarket through the entrance door with goods he had stolen, shoved an employee of the supermarket who recognized him from prior thefts, and fled. That employee along with another employee pursued the defendant. During the pursuit, the defendant slashed the arm and the forehead of the other employee with a box cutter.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree, robbery in the second degree, and robbery in the third degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495; People v Melendez, 183 AD3d 597, 598). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Melendez, 183 AD3d at 599).
The defendant's contention that his conviction of robbery in the second degree (Penal Law § 160.10[2][a]) must be dismissed on the ground that it is a conviction for a lesser included [*2]offense of his robbery in the first degree (id. § 160.15[3]) conviction, is without merit. Robbery in the second degree under Penal Law § 160.10(2)(a) is not a lesser included offense of robbery in the first degree under Penal Law § 160.15(3), as it contains an element, physical injury, that is not an element of robbery in the first degree under Penal Law § 160.15(3), and, "therefore, it is possible to commit the greater crime without concomitantly committing, by the same conduct, the lesser crime" (People v Edwards, 39 AD3d 875, 876 [internal quotation marks omitted]; see CPL 1.20[37]).
However, as the People correctly concede, robbery in the third degree is a lesser included offense of robbery in the first degree (see CPL 300.30[4]; People v Minard, 125 AD3d 691, 691). "A verdict of guilt upon the greater count is deemed a dismissal of every lesser count" (People v Watson, 214 AD3d 911, 912; see CPL 300.40[3][b]). Accordingly, we vacate the conviction of robbery in the third degree and the sentence imposed thereon, and dismiss that count of the indictment (see People v Lee, 39 NY2d 388, 390; People v Watson, 214 AD3d at 912).
The Supreme Court providently exercised its discretion in denying the defendant's request to admit evidence of the defendant's injuries and a video that allegedly was a slow-motion rendition of the People's surveillance video that was in evidence. Under the circumstances of this case, the defendant's medical records and testimony of his treating medical personnel and an expert regarding his injuries "'were not relevant as they did not tend to prove the existence or nonexistence of a material fact directly at issue and any probative value was outweighed by the possible prejudicial impact on the jury'" (People v Williams, 211 AD3d 1055, 1057, quoting People v Melendez, 175 AD3d 714, 715). Under the circumstances, admission of the video would have been prejudicial to the People as the defendant had not provided the video to the People until close to the end of trial (see generally People v Williams, 176 AD3d 1122, 1123). Moreover, the court permitted the defendant to play the video that was in evidence at a slowed-down speed. The defendant's contention that his constitutional right to present a defense was violated based on the exclusion of this evidence is without merit (see People v Williams, 211 AD3d at 1057).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court