People v Mayorga (2025 NY Slip Op 00334)

People v Mayorga

2025 NY Slip Op 00334

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-01199
 (Ind. No. 70383/20)

[*1]The People of the State of New York, respondent,
v
Norbin Mayorga, appellant. 

Judah Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and John B. Latella III of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert G. Bogle, J.), rendered January 19, 2023, convicting him of burglary in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence obtained from a bedroom he rented in a building. "'[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question'" (People v Watson, 101 AD3d 913, 914, quoting People v Cosme, 48 NY2d 286, 290). Here, the People met their burden of establishing that the defendant's consent to search his bedroom was voluntarily given and was not the product of coercion (see People v Wright-Hale, 180 AD3d 814, 815; People v Quagliata, 53 AD3d 670, 671). Contrary to the defendant's contention, the failure of police to inform him of his right to refuse consent to the search does not compel a finding that his consent was involuntarily given (see People v Gonzalez, 39 NY2d 122, 130; People v Wright-Hale, 180 AD3d at 815; People v Evans, 157 AD3d 716, 717).
The County Court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials made prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436). "The Miranda rule protects the privilege against self-incrimination and, because the privilege applies only when an accused is compelled to testify, the safeguards required by Miranda are not triggered unless a suspect is subject to custodial interrogation" (People v Paulman, 5 NY3d 122, 129 [internal quotation marks omitted]). Here, the defendant's statements at issue either were made in response to questions that were investigatory in nature—rather than accusatory—before the defendant was in custody (see People v Gough, 203 AD3d 747, 749; People v Henderson, 197 AD3d 663, 665), or were spontaneous and not triggered by police questioning or other conduct that reasonably could have [*2]been expected to elicit a declaration from him (see People v Watson, 214 AD3d 911, 912; People v Foster, 153 AD3d 853, 854).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86).
The defendant's remaining contentions are without merit.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court