People v Vega (2025 NY Slip Op 01651)

People v Vega

2025 NY Slip Op 01651

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2020-02494
 (Ind. No. 4317/18)

[*1]The People of the State of New York, respondent,
v
Pedro Vega, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered February 24, 2020, convicting him of assault in the first degree, upon a jury verdict, and sentencing him, as a second violent felony offender, to a determinate term of imprisonment of 18 years, to be followed by 5 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 18 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 14 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Irving, 226 AD3d 703, 703). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt (see People v Hines, 97 NY2d 56, 61; People v Stockfeder, 219 AD3d 641, 641). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his request for a missing witness charge for the victim. Although the victim was knowledgeable about the incident and would be expected to testify favorably to the prosecution, the People established that the victim was not under their control and could not be located despite diligent police efforts, thereby establishing his unavailability to testify (see People v Euceda, 216 AD3d 666, 666-667; People v Dumervil, 205 AD3d 923, 925).
The defendant's contention that the People's failure to call the victim as a witness violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see US Const Sixth Amend) is unpreserved for appellate review (see People v Montello, 197 AD3d 575, 576-577). In any event, the defendant's contention is without merit, as the People did not elicit any testimonial statements of the victim (see People v Lloyd, 118 AD3d 1117, 1121).
The defendant's contention that the trial court erred when it instructed the jury that a trial is a "search for the truth" is unpreserved for appellate review (see CPL 470.05[2]; People v Simpson, 178 AD2d 500). In any event, the defendant's contention is without merit, as "'in the context of the jury instructions in their entirety, there is no basis for concluding that the proper burden of proof upon the People was undermined or less than adequately conveyed'" (People v Simms, 178 AD3d 963, 965, quoting People v Slacks, 90 NY2d 850, 851).
Contrary to the defendant's contention, the trial court properly denied his request to instruct the jury on the defense of justification pursuant to Penal Law § 35.15(2)(b). Viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence that supported a justification defense under Penal Law § 35.15(2)(b) (see People v DeLaCruz, 192 AD3d 1042, 1043; People v Sadler, 153 AD3d 1285, 1286).
Further, the defendant's contention that the verdict sheet submitted to the jury was improper is unpreserved for appellate review, since he failed to object to the verdict sheet as submitted to the jury (see CPL 470.05[2]; People v Abushatara, 176 AD2d 946, 947). In any event, the defendant's contention is without merit (see People v Campbell, 160 AD2d 717).
The defendant's contention that the jury verdict was repugnant is unpreserved for appellate review, as the defendant failed to raise before the formal discharge of the jury at trial his specific contentions raised on appeal (see People v Satloff, 56 NY2d 745, 746; People v Stewart, 222 AD3d 781, 782). In any event, the defendant's contention is without merit. "A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, 'it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other'" (People v Cruz, 176 AD3d 852, 857, quoting People v Muhammad, 17 NY3d 532, 539-540). Here, the jury foreperson specifically indicated that acquittal on the charge of attempted murder in the second degree was not due to the People's failure to disprove the defendant's justification defense beyond a reasonable doubt, but rather for a "reason other than . . . lack of justification." Thus, the acquittal on the attempted murder charge was not repugnant to the conviction of assault in the first degree.
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The parties' remaining contentions are either not properly before this Court or without merit.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court