People v Sonds (2025 NY Slip Op 04801)

People v Sonds

2025 NY Slip Op 04801

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA
JAMES P. MCCORMACK, JJ.

2016-01592
 (Ind. No. 9527/14)

[*1]The People of the State of New York, respondent,
v
Mashawn Sonds, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered January 13, 2016, convicting him of assault in the first degree as a hate crime, upon a jury verdict, and imposing sentence. By decision and order dated May 27, 2020, this Court remitted the matter to the Supreme Court, Kings County, for further proceedings on the defendant's motion to set aside the verdict pursuant to CPL 330.30, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant has established his entitlement to the relief sought in his CPL 330.30 motion, and the appeal was held in abeyance in the interim (see People v Sonds, 183 AD3d 919). The Supreme Court has now filed its report.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of assault in the first degree as a hate crime. The evidence presented at trial established that the defendant struck the complainant with a board in the chest and then threw the board at her head, causing permanent injuries. The incident was captured on video.
In January 2016, after his conviction and prior to sentencing, the defendant moved, pro se, to set aside the verdict pursuant to CPL 330.30, alleging, inter alia, ineffective assistance of counsel. In a prior decision and order, this Court held the defendant's appeal in abeyance and remitted the matter to the Supreme Court, Kings County, for further proceedings on the defendant's motion to set aside the verdict pursuant to CPL 330.30, upon which motion the defendant's counsel on appeal was to represent him, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant has established his entitlement to the relief sought in his CPL 330.30 motion (see People v Sonds, 183 AD3d 919, 920). Upon remittal, the Supreme Court denied the defendant's motion. On appeal, the defendant does not raise any contentions regarding the denial of his motion pursuant to CPL 330.30.
Viewing the evidence in the light most favorable to the prosecution (see People v [*2]Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree as a hate crime (Penal Law §§ 120.10[1]; 485.05[1][b]) beyond a reasonable doubt. Contrary to the defendant's contentions, the evidence adduced at trial, namely, the witness testimony, video evidence, and the complainant's medical records, was legally sufficient to prove that the defendant actively participated in the attack on the complainant (see People v Tripp, 162 AD3d 691, 692), and that the defendant acted with the intent to cause the complainant serious physical injury when he threw the board at her head (see People v Ranot, 194 AD3d 967, 967; People v Melendez, 183 AD3d 597, 598; see also People v Lavayen, 200 AD3d 1069, 1070). To the extent that the defendant contends that the People failed to prove that the complainant's head and brain injuries were caused by the defendant throwing the board and that the defendant acted in concert with his codefendant, these contentions are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, the contentions are without merit because the evidence was legally sufficient to establish that the complainant's head and brain injuries were the direct result of being hit in the head with the board. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contentions, including those raised in his pro se supplemental brief, he was not deprived of the effective assistance of counsel under the New York Constitution, since, viewing defense counsel's performance in its totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's contention that the evidence before the grand jury was legally insufficient to indict him for the offenses charged is not reviewable on this appeal because the defendant's guilt was proven beyond a reasonable doubt at trial (see CPL 210.30[6]; People v Chao, 217 AD3d 777, 778; People v LaRoche, 162 AD3d 684, 684-685).
Contrary to the defendant's contention, he was not deprived of a fair trial due to the Supreme Court's granting of the People's motion pursuant to CPL 660.10 for a conditional examination of a certain eyewitness to the incident. The court properly granted the motion, and the opportunity for cross-examination afforded to defense counsel at the conditional examination was sufficient to test the reliability of the witness and to insure the fairness of the proceeding (see People v Park, 137 AD3d 818, 818; People v Baez, 137 AD3d 805, 805).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial due to the People's elicitation of an in-court identification of the defendant by a certain witness (see CPL 470.05[2]; People v Colon, 13 NY3d 343, 349). In any event, the defendant failed to establish that the witness gave false or misleading testimony (see People v Nunez-Garcia, 178 AD3d 1087, 1089).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
CONNOLLY, J.P., LOVE, GOLIA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court